GRANDISON F. READ, Respondent, *v.* DUBOIS SMITH, Appellant.

*Memoranda — evidence — presumption.*

Plaintiff testified from an account-book, as to money advanced to, and paid for, the use of defendant. The defendant offered in evidence the remaining portion of the book, from which plaintiff had testified. On objection by plaintiff, the referee ruled to allow the book in evidence, so far as related to any transactions between plaintiff and defendant. The defendant excepted and moved to strike out the testimony of the items, mentioned in the book referred to, unless the book should be put in evidence by the plaintiff. The motion was denied, on the ground that the book was in evidence as to the entries of transactions between plaintiff and defendant. The defendant again excepted. *Held*, that when defendant offered one portion in evidence, it was error to admit another portion, which he did not offer.

Where plaintiff testified from an account-book as to moneys advanced to defendant, and such portions of the account-book as contained entries showing such advances, were in evidence, *held*, that the referee erred in refusing to allow defendant to test the accuracy of the entries proved, by showing, by other entries in the book, that they were not made at the dates claimed, and for this purpose, showing that they were not chronological in order with other entries, or had been interpolated amongst other entries.

On the trial of an issue involving the question whether money loaned had been repaid, *held*, that it was error to exclude evidence, showing that subsequent to the loans in question, other money had been loaned and repaid between the same parties; as such evidence might raise a presumption that the older claims had also been paid.

Appeal from a judgment entered on the report of a referee.

*John H. Strahan*, for the respondent.

*M. Huntley*, for the appellant.

Davis, P. J.:

This action was brought to recover various sums of money, alleged to have been loaned by plaintiff to defendant, and paid to his use, at different times between the 11th of October, 1865, and the 22d day of December, 1866. The plaintiff testified to the various loans and payments set out in his bill of particulars, and that he made a memorandum at the time he made each loan; that he had the memorandum still, and from it, had given his testimony. The plaintiff did not put the memorandum in evidence.

On cross-examination, it appeared that the memoranda, referred to by plaintiff, were contained in a book called, "private petty cash." He was examined quite closely as to the entries in the book, of the several loans, and, amongst other things, testified that the entries were, in the main, made by him on the several days of the alleged loans; that he recollected, on one or two occasions, he put the loans on slips of paper, and a few days after, put them in the book. The defendant offered "the remaining portion of the book, from which plaintiff has testified, in evidence." This was objected to by plaintiff, and the referee ruled to allow the book in evidence, so far as relates to any transactions between the plaintiff and defendant. The defendant excepted, and moved to strike out the testimony of the items mentioned in the book referred to, unless the book be put in evidence on the part of plaintiff. The motion was denied, on the ground that the book was in evidence as to the entries of transactions between the plaintiff and defendant, and the defendant again excepted. It was certainly a pretty sharp ruling, when the defendant offered one portion in evidence, to admit another portion, which he did not offer, and which was not then in evidence. If the portion so admitted, is to be regarded as put in by defendant as evidence on his part, the ruling of the referee was erroneous, for it was clearly improper, when the defendant offered other matter contained in the book, to treat him as offering something else, and thereby affect his further right to investigate fully the correctness of the entries received. But the form of the offer seems to have assumed that the memoranda, referred to by plaintiff, were already in evidence, and the ruling of the referee will, perhaps, bear the construction that he intended simply to define how far he would receive the book as evidence on plaintiff's part, and to reject the

residue. The book being thus far in evidence, the defendant proceeded to examine plaintiff in relation to entries in the same book, just preceding and following the memoranda of loans. The first entry of cash loaned was, " Oct. 11th, 1865." The plaintiff was asked to look at the book and the three entries next succeeding that entry, and state the same fully. This was objected to by plaintiff, and the objection sustained, on the ground that the entries referred to, do not apply to transactions between the parties.

The defendant's counsel then offered in evidence portions of the book, commencing with the entry of October 11th, 1865. The objection was sustained. He then put to plaintiff the following question : " What are the two entries in your book immediately preceding and following the entry of October 11th, 1865 ?" This question was objected to, the plaintiff saying, in answer to a question of the referee, that those entries did not have any application, or refer to the transactions between him and defendant. The referee sustained the objection, and defendant excepted. The defendant's counsel then asked the witness to describe the portion in the book of the entry of October 11, 1865, and state what entry immediately follows it. This also was excluded on the same ground; and divers similar questions, touching other entries of charges against defendant, and the character and dates of the entries preceding and following them, were likewise overruled.

The referee was altogether too rigid in his rulings. After admitting the entries of loans, as contained in plaintiff's books, as evidence, either against defendant or to corroborate plaintiff's statements, he should have allowed the defendant to test the accuracy of the entries, by showing, if he could, that they were not, in fact, made at the date claimed. One mode of doing this, was to show that they were not chronological in order with other entries in the book, or had been interpolated amongst such entries, or bore, on their face, when compared with other immediately connected entries, some suspicions of unfairness or bad faith. The defendant claimed that some of the loans had never been made, and that others had been paid, and he was entitled, in any legitimate mode, to impugn the statements of plaintiff, and the contents of his book. I think the referee erred in excluding a very proper line of investigation and scrutiny.

There were several other exceptions to the exclusions of questions, which are open to criticism, but one of which will be commented upon. The claim of plaintiff, it will be remembered, was for moneys loaned and moneys paid in 1865 and 1866, and which the defendant testified had been fully paid. He also testified that in 1867 and 1868, the plaintiff loaned him moneys, and made advances on his account, to about the amount mentioned in the complaint. He was then asked: ." Were such amounts so loaned or advanced repaid by you to the plaintiff?" This was objected to, and the objection sustained, and defendant excepted.

He was then asked: " Did the plaintiff give you receipts for the same?" This also was objected to and excluded, and defendant excepted.

It is to be borne in mind that defendant had testified that all the loans and advances of 1865 and 1866, had been paid, and, on this question, was in direct conflict with plaintiff. To show that similar loans and advances had been made in 1867 and 1868, and that they had been paid, and that plaintiff held receipts for them, would raise a presumption, of greater or less force, that the older claims had also been paid. The defendant was entitled to the benefit of that presumption, so far as it would go to strengthen his testimony and the facts which he sought to show ; and the receipts, if proved, were proper subjects of consideration by the referee, in balancing the probabilities as to the truth or falsity of their respective statements. It was error to exclude such evidence.

We think the judgment should be reversed, and a new trial ordered, with costs to abide event.

DANIELS and LAWRENCE, JJ., concurred.

Judgment reversed and new trial ordered, costs to abide event.